UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI LEE,<br><br>             Plaintiff,<br><br>       v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>             Defendant. | Case No.: 1:20-cv-01633-ADA-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING SOCIAL SECURITY COMPLAINT**<br><br>(Doc. 23) |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Mai Lee ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for findings and recommendations.

///

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court will recommend affirming the agency's determination to deny benefits.

## **FACTS AND PRIOR PROCEEDINGS**

Plaintiff protectively filed an application for supplemental security income on July 20, 2016. AR 29.[2] Plaintiff alleged that she became disabled on July 20, 2016, due to depression, back, head, hand, stomach, neck and shoulder pain, headaches, and dizziness. AR 254-55. Plaintiff's applications were denied initially and on reconsideration. AR 146-49, 155-59. Plaintiff requested a hearing before an ALJ, and following the hearing, ALJ Shiva Bozarth issued an order denying benefits on May 13, 2019. AR 26-38, 58-83. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 10-14. This appeal followed.

### **Hearing Testimony**

ALJ Bozarth held a hearing on February 20, 2019, in Fresno, California. AR 68-83. Plaintiff appeared with a non-attorney representative, Malinda Davies, and testified with the assistance of an interpreter. Cheryl R. Chandler, an impartial vocational expert, also appeared. AR 60.

At the outset of the hearing, the ALJ noted that Plaintiff appeared at the hearing with a cane. Plaintiff's representative confirmed that there was no prescription for a cane in the record. AR 61.

In response to questions from the ALJ, Plaintiff testified that she has never worked. However, she worked for a year on a family farm in 2010, but she did not receive any money. She has not done any other work. AR 63-64.

When asked about her education, Plaintiff testified that she received some education inside of the United States and she was in the GANG Program for three years in 1996, 1997. She attended classes taught in English. They taught her how to name fruits, vegetables, the months, and days of the week. She would not be able read an English language newspaper. Plaintiff is a citizen of the United

---

[2]   References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

States and took the citizenship test in 2002 in English. There was a program that she learned, and they had an interpreter for her. AR 65-66.

Plaintiff testified that she cannot work because of mental problems and physical problems. She cannot eat and has no energy. She cannot eat because of stress or because her blood sugar goes up. She then feels more stress and lost appetite, which happens every day. She also cannot sleep. She takes insulin every day. She also takes gabapentin for her back. She does not take any medications for her mental problems, but she attends counseling once a week. AR 67-68.

Plaintiff reported that she lives with her husband and two children, ages 15 and 20. She does not make their meals and she only does very light work. She does not do laundry, but she will wash dishes. She goes to the grocery store when her children take her. If her children are not available, then they can take the bus. Plaintiff never takes the bus by herself. AR 69-70.

In response to questions from her attorney, Plaintiff testified that she never goes anywhere by herself. During the day, Plaintiff stays at home and walks around inside and outside. She will sometimes take a walk and then come back home. When she takes a walk, she goes with her children. They walk quite far, 10 blocks, and she takes breaks. If it is very sunny, she faints easily. When the sun is very bright, she gets dizzy easily and falls down. AR 70-71.

Plaintiff testified that she sometimes goes out and socializes. Depending on her condition, it may be once or twice a month. When she socializes with her children at the house, she helps with cooking rice and cutting vegetables. She also socializes with her relatives and her children's relatives. She will go out and do things with her friends if they pick her up. AR 71-72.

Plaintiff can lift and carry a gallon of milk. She cannot sit for long without getting back pain. When her blood sugar gets up to 400 or 500, she feels dizzy, and her eyes become blurry. If the weather is bad, it can happen every day. Plaintiff takes naps during the day because she does not sleep at night. She will nap two or three times a week. AR 72-73.

Plaintiff also testified that her cataracts affect her ability to read. She wears glasses that she bought from a store, but she does not have a prescription. Light also causes her to feel dizzy. She has a cane to help her balance when she feels dizzy. AR 74-75.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE, asking the VE hypotheticals.  For the first hypothetical, the ALJ asked the VE to assume an individual who could lift or carry 20 pounds occasionally, 10 pounds frequently, could stand or walk at least six hours out of an eight-hour day, could sit for at least six hours out of an 8-hour day, would be limited to simple and repetitive tasks and only occasional interactions with co-workers and the general public.  The VE testified that if they were restricting the responses to visual learning only, there would be jobs that fit the hypothetical, such as laundry sorter, garment folder, and garment bagger.  AR 78-79.

For the second hypothetical, the ALJ asked the VE to assume an individual who could lift or carry 50 pounds occasionally, 25 pounds frequently, would be limited to simple and routine tasks and could have only occasional interactions with co-workers and the general public.  For visual learners, the VE testified that there would be medium jobs that exit, such as kitchen helper, cleaner-industrial, and box bender.  AR 79-80.

For the third hypothetical, the ALJ asked the VE to consider the individual in the first hypothetical and add that the individual would need to use a cane to ambulate across uneven ground or for more than 30 minutes and as stationary standing support.  The VE testified that this would put the answers in the sedentary classifications.  AR 80.

In response to questions from Plaintiff's representative, the VE testified that there would not be work for an individual who would be off task for 15 percent of the workday.  AR 81.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 29-38.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 20, 2016, the application date.  AR 32.  The ALJ identified the following severe impairment: degenerative disc disease.  AR 32-34.  The ALJ determined that the severity of Plaintiff's impairment did not meet or equal any of the listed impairments.  AR 34.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of medium work. AR 34-36. With this RFC, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy. AR 37-38. The ALJ therefore concluded that Plaintiff was not disabled. AR 38.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The

1  burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.
2  1990).

3  **DISCUSSION**[3]

4  Plaintiff argues that the ALJ failed to defer to and afford more weight to the opinions of the
5  consultative examiners, Drs. Rustom F. Damania and Roger Wagner, over the opinions of the non-
6  examining state agency physicians.  Plaintiff also argues that the RFC does not reflect substantial
7  evidence of record and the ALJ committed harmful error by failing to provide clear and convincing
8  reasons for rejecting Plaintiff's symptomology evidence.  (Doc. 23 at 2.)

9  **A.    Evaluation of Medical Opinions**

10  Plaintiff first contends that the ALJ erred in evaluating the opinions of the consultative
11  examiners, Drs. Damania and Wagner.

12  Cases in this circuit under the rules applicable to the claims here[4] identify three types of
13  physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not
14  treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant
15  (nonexamining physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The Commissioner
16  must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or
17  examining physician.  *Lester*, 81 F.3d at 830.  If contradicted, the opinion of a treating or examining
18  physician can only be rejected for "specific and legitimate reasons" that are supported by substantial
19  evidence in the record.  *Id.* at 830-31.  The opinion of a nonexamining physician alone is not
20  substantial evidence that justifies the rejection of the opinion of either a treating or examining
21  physician. *Id*. at 831.

22  ///
23  ///
24

---

[3]  The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

[4]  Plaintiff protectively filed an application for supplemental security income on July 20, 2016.  AR 29. As a result, the regulations applicable to benefits applications filed after March 27, 2017, do not apply.  *See* 20 C.F.R. § 416.927 (evaluation of opinion evidence for claims filed before March 27, 2017); 20 C.F.R. § 416.920c (evaluation of medical opinions for claims filed on or after March 27, 2017).

<u>Opinion of Dr. Rustom Damania</u>

On October 11, 2016, Dr. Damania completed a consultative examination. Plaintiff complained of bronchial asthma, blurry vision better with nonprescription eyeglasses, and headaches related to the weather. AR 355. On physical examination, Plaintiff's grip strength was 15-15-15 on the right and left and her visual acuity without glasses of 20/200 in each eye. AR 357. Range of motion in her neck, back, and extremities was within normal limits, her strength was 5/5 in all extremities, straight leg raising was negative, and her pulses and reflexes were normal. Although she walked without a cane, Plaintiff brought a cane with her to the examination. AR 357-59. Dr. Damania's diagnostic impression included hypertension, joint pains, bronchial asthma and headaches. Dr. Damania opined that Plaintiff should be able to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk six hours out of an eight-hour workday with normal breaks and sit six hours out of an eight-hour workday. No assistive device was necessary for ambulation. She also had no postural or manipulative limitations and no relevant visual or communicative impairments. AR 359.

Plaintiff contends that the ALJ erred by failing to provide specific, legitimate reasons to reject Dr. Damania's opinion of a light RFC in favor of the non-examining physicians. (Doc. 23 at 7.) Here, Dr. Damania's opinion was contradicted by the opinions of the state agency physicians, Drs. L. DeSouza and E. Wong, who found a medium RFC. In particular, Dr. DeSouza opined that Plaintiff could lift and/or carry 50 pounds occasionally, 25 pounds frequently, could stand and/or walk more than 6 hours on a sustained basis in an 8-hour workday and could sit more than 6 hours on a sustained basis in an 8-hour workday. AR 127-28. Similarly, Dr. Wong opined that Plaintiff could lift and/or carry 50 pounds frequently, 25 pounds occasionally, could stand and/or walk more than 6 hours on a sustained basis in an 8-hour workday and could sit about 6 hours in an 8-hour workday. AR 141-42. The ALJ therefore was required to provide specific and legitimate reasons supported by substantial evidence in the record to discount the opinion of Dr. Damania.

In evaluating Dr. Damania's opinion, the ALJ reasoned as follows:

> I give little weight to this opinion because it is not fully consistent with the medical and other evidence. For example, a limitation to lifting and carrying only 20 pounds

7

> occasionally and 10 pounds frequently, is inconsistent with and over-restrictive, especially in light of an examination showing the extremities were normal with intact sensation to light touch, full strength and a normal range of motion (Exhibit D10F, p. 2). The limitation is also inconsistent with Dr. Damania's own examination findings, which showed a normal range of motion with full motor strength in the bilateral extremities (Exhibit D3F, pp. 3-6). Accordingly, I find the [claimant] is capable of performing the full range of medium work as defined in 20 CFR 416.967(c), as that is most consistent with the evidence.

AR 35.

Plaintiff first contends that the ALJ's citation to "Exhibit D10F/2" is not a specific and legitimate reason to reject Dr. Damania's report because this exhibit reflects an emergency room visit. (Doc. 23 at 7.) Plaintiff's contention is not persuasive. The ALJ discounted Dr. Damania's opinion regarding the lifting and carrying limitation because it was not consistent with the medical evidence. AR 35. An ALJ may reject limitations unsupported by the record as a whole. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). In this instance, the ALJ outlined the medical evidence that led ultimately to the conclusion that Dr. Damania's opinion was overly restrictive. As an example of that evidence, as noted by Plaintiff, the ALJ cited emergency treatment records from September 17, 2017, demonstrating that Plaintiff had intact sensation, full strength and full range of motion. AR 438. Plaintiff provides no basis to discount these objective findings simply because they were rendered during emergency room treatment. Moreover, these objective findings were consistent with other examination findings cited in the ALJ's decision that undermined Dr. Damania's lifting and carrying limitation

For instance, the ALJ cited objective examination findings from Dr. Wagner's consultative examination completed in September 2018, discussed *infra*. During that examination, Dr. Wagner observed that Plaintiff "demonstrate[ed] good dexterity and good flexibility." AR 401. Plaintiff had a normal station and normal gait, normal range of motion in the spine, and strength of 5/5 in all extremities, including bilateral grip strength. AR 35, 402-403. Her sensory exam was grossly intact to light touch and reflexes in her bilateral upper and lower extremities were 2+. AR 404.

The ALJ also cited treatment records from October 2018, following Dr. Wagner's consultative examination, which identified no edema in the extremities or other positive findings with the exception of lumbar spasms. She had no identified strength limitations. She also demonstrated the

8

ability to ambulate with no difficulty and had no gait abnormality. AR 35, 450-52. The ALJ appropriately found such normal objective findings to be inconsistent with Dr. Damania's lifting and carrying limitation.

Plaintiff argues that the treating evidence of record has documented "consistent examination findings of decreased range of motion (ROM) and tenderness upon palpitation to the low back (AR 379, 380, 381); reduced extremity strength of 4/5 (AR 391); lumbar spasms (AR 452)." (Doc. 23 at 6.) Plaintiff incorrectly characterizes the record as containing "consistent examination findings." As Plaintiff's limited citations reflect, the treatment records include objective findings of a decreased range of motion and tender muscles in the low back on only four occasions over the course of a year and a half period between July 22, 2015, and January 19, 2017 (AR 378-381). The record also reflects only one notation of reduced extremity strength (AR 391) and one notation of lumbar spasms (AR 452).

In assigning little weight to Dr. Damania's opinion, the ALJ also found the lifting and carrying limitation inconsistent with Dr. Damania's own examination findings. AR 35. An ALJ may reject a doctor's opinion that is inconsistent with the doctor's own findings. *See Johnson v. Shalala*, 60 F.3d 1428, 1432-33 (9th Cir. 1995); *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (finding that an ALJ need not accept an opinion of a physician if it is conclusory and brief and is unsupported by clinical findings). Dr. Damania's examination showed a normal range of motion with full motor strength in the bilateral extremities. AR 357-59. The ALJ properly concluded that Dr. Damania's normal examination findings provided no objective support for the lifting and carrying limitation.

Plaintiff argues that the ALJ failed to take into consideration non-exertional factors, such as pain, fatigue and dizziness, which were considered by Dr. Damania. (Doc. 23 at 8.) However, "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" *Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 602 (9th Cir. 1999) (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). As discussed more fully below, the ALJ properly discounted Plaintiff's subjective complaints.

9

Opinion of Dr. Roger Wagner

On September 26, 2018, Dr. Wagner completed a consultative examination. Plaintiff reported activities of daily living to include cooking, cleaning, shopping, performing her own activities of daily living without assistance, and walking some for exercise. AR 401. On physical examination, Plaintiff was easily able to get up from a chair in the waiting room and walk at a normal speed back to the exam room without assistance. She sat comfortably and was easily able to get on and off the exam table and easily able to bend at the waist to take off shoes and socks and put them back on, demonstrating "good dexterity and good flexibility." AR 401. Plaintiff had no edema in her extremities. She was easily able to walk on toes and heels and had normal station and normal gait. Plaintiff walked back and forth across the room "with absolutely no difficulty and no appearance of instability." AR 402. She had normal finger-nose and negative Romberg. AR 402. Dr. Wagner noted that Plaintiff brought a cane with her, but it did "not appear to be necessary." AR 402. Plaintiff's range of motion was normal, straight leg raising was negative both seated and supine, and her strength was 5/5 in the bilateral upper and lower extremities, including grip strength. AR 403. Plaintiff's sensory exam was grossly intact to light touch and pinprick throughout the bilateral upper and lower extremities and her reflexes in the bilateral upper and lower extremities was 2+. Dr. Wagner noted that Plaintiff's neck range of motion was full and supple, and he suspected that Plaintiff may have "some occasional musculoligamentous strain." AR 404. Plaintiff's shoulder pain and back pain also were consistent "with occasional musculoligamentous strain." AR 404.

Based on his examination findings, Dr. Wagner opined that Plaintiff had no standing and walking limitations with normal breaks and no sitting limitations. She could lift and carry 50 pounds occasionally, 25 pounds frequently. She could frequently climb stairs and ramps and stoop and crouch, but she should only occasionally climb ladders or scaffolds. She also should avoid balancing due to her alleged dizziness. She could reach over shoulder level frequently, and push and pull frequently. AR 404. She could never work around unprotected heights or moving mechanical parts due to alleged dizziness. AR 408.

As with Dr. Damania's opinion, Dr. Wagner's opinion was contradicted by the opinions of the state agency physicians, Drs. L. DeSouza and E. Wong, who identified no postural, manipulative or

environmental limitations. AR 127-28, 141-42. The ALJ therefore was required to provide specific and legitimate reasons supported by substantial evidence in the record to discount the opinion of Dr. Wagner.

In evaluating Dr. Wagner's opinion, the ALJ reasoned as follows:

> I afford only limited weight to this opinion because it is inconsistent with and unsupported by the medical and other evidence. For example, Dr. Wagner opines the claimant will have postural limitations related to her alleged dizziness, but that is inconsistent with his own examinations findings that revealed a negative Romberg, and showed she was able to ambulate and [stand] without difficulty and that she did not need the cane she brought with her (Exhibit D7F). Furthermore, the postural, manipulative, and environmental limitations assessed by Dr. Wagner are inconsistent with and un-warranted, especially in light of an examination showing the extremities were normal with intact sensations to light touch; full strength and normal range of motion (Exhibit D10F, p. 2). Those limitations are also inconsistent with the unremarkable examination findings of Drs. Damania (see Exhibits D3F-D4F) and Wagner (see Exhibit D7F).

AR 36.

Plaintiff contends that the ALJ's rejection of Dr. Wagner's opinion was "not 'specific and legitimate.'" (Doc. 23 at 9.) The Court disagrees. First, the ALJ assigned limited weight to Dr. Wagner's postural limitations because those limitations were inconsistent with his own examination findings. An ALJ may properly reject a doctor's opinion that is inconsistent with the doctor's own findings. *See Johnson*, 60 F.3d at 1432-33; *see also Matney*, 981 F.2d at 1019. As pointed out by the ALJ, Dr. Wagner opined that Plaintiff would have postural limitations related to her alleged dizziness. Yet, Dr. Wagner's own examination findings revealed negative Romberg and detailed that Plaintiff was able to walk "with absolutely no difficulty and no appearance of instability." AR 402-03. Indeed, in opining that Plaintiff did not require a cane to ambulate, Dr. Wagner expressly commented that Plaintiff alleged cane use due to dizziness, but she had negative Romberg and stable gait. AR 406; *see also* AR 404.

The ALJ also discounted the postural, manipulative, and environmental limitations assessed by Dr. Wagner as inconsistent with other medical evidence of record. As stated, an ALJ may reject limitations unsupported by the record. *Batson*, 359 F.3d at 1195. For example, the ALJ cited examination findings showing that Plaintiff's extremities were normal with intact sensation to light touch, full strength and normal range of motion. AR 36, 438. The ALJ also properly concluded that

11

the postural, manipulative and environmental limitations were "inconsistent with the unremarkable examination findings of Drs. Damania," (AR 36), which are detailed above.

Plaintiff again argues that the ALJ erred because Dr. Wagner considered Plaintiff's non-exertional limitations of pain, fatigue and dizziness. (Doc. 23 at 9.) To the extent Dr. Wagner's opinion was based on Plaintiff's subjective allegations of pain, fatigue and dizziness, the ALJ did not err by disregarding those limitations because the ALJ properly discounted Plaintiff's subjective complaints. *See Morgan,* 169 F.3d at 602 ("physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted'").

As a final matter, Plaintiff argues that the opinions of the non-examining physicians are not substantial evidence sufficient to reject the opinions of either Dr. Damania or Dr. Wagner, the examining physicians. However, the opinions of non-examining physicians may serve as substantial evidence when their opinions "are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995) ("reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it"); *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989) (finding the report of a non-examining, non-treating physician need not be discounted when it "is not contradicted by *all other evidence* in the record") (emphasis in original).

The state agency physicians, Drs. DeSouza and Wong, both opined that Plaintiff could lift and/or carry 50 pounds occasionally, 25 pounds frequently. AR 127. Dr. DeSouza opined that Plaintiff could stand and/or walk more than 6 hours on a sustained basis in an 8-hour workday and sit more than 6 hours on a sustained basis in an8-hour workday. AR 127. Similarly, Dr. Wong opined that Plaintiff could stand and/or walk more than 6 hours on a sustained basis in an 8-hour workday and could sit about 6 hours in 8-hour workday. AR 141. Neither Dr. DeSouza nor Dr. Wong identified any postural, manipulative, visual, communicative or environmental limitations. AR 127, 141-42. The ALJ credited and gave "great weight" to these opinions because they were consistent with the medical and other evidence. AR 36. Further, the ALJ correctly found these opinions "consistent with

and more than adequately accounts for the claimant's impairments, especially in light of the generally unremarkable examination findings of Drs. Damania [ ] and Wagner." *Id.* The ALJ also correctly found the state agency opinions "consistent with an examination showing the extremities were normal with intact sensation to light touch, full strength and a normal range of motion." AR 36, 438. Additionally, the ALJ found the opinions consistent with Plaintiff's "longitudinal history of only conservative treatment." AR 36. Plaintiff does not challenge the ALJ's characterization of her treatment, which showed that Plaintiff had seen a chiropractor and taken medication, including Gabapentin. AR 35, 337, 451, 453-66.

Thus, the Court finds that the ALJ did not err by affording weight to the opinions of the non-examining state agency physicians because those opinions were not contradicted by all other evidence in the record and were consistent with the clinical findings of Drs. Damania and Wagner and other evidence in the record.

**B.     Plaintiff's Subjective Complaints**

Plaintiff argues that the ALJ committed harmful error by failing to provide clear and convincing reasons to reject her symptomology evidence of a limited ability to stand and walk and/or postural limitations. (Doc. 23 at 13.)

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson*, 359 F.3d at 1196. First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but discounted her statements concerning the intensity, persistence and limiting effects of those symptoms. AR 36. If there is no evidence of malingering, then the ALJ's reasons for discounting Plaintiff's testimony must be specific, clear and convincing.

Defendant argues that because there is record evidence of malingering, including a diagnosis of malingering, this Court "could affirm the ALJ's conclusion that Plaintiff's allegations were unpersuasive even without addressing the ALJ's specific findings." (Doc. 24 at 13, n. 8.)  In *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008), the Ninth Circuit indicated that the "clear and convincing standard" for evaluating subjective complaints "does not apply . . . when there is affirmative evidence that the claimant is malingering." 533 F.3d at 1160.  As pointed out by the Commissioner, the record includes affirmative evidence of malingering.  (Doc. 24 at 3-4.)  Specifically, on October 7, 2016, Plaintiff attended a consultative psychological evaluation completed by James P. Murphy, Ph.D., a clinical psychologist.  AR 348-51.  During the examination, Dr. Murphy noted that Plaintiff "made absolutely no effort." AR 349.  She "did not make any legitimate effort to participate in the TONI-3 testing," and Dr. Murphy concluded that her "lack of participation is considered malingering." AR 350.  Dr. Murphy diagnosed Plaintiff with malingering, stating "it appeared clear to this clinician that the claimant deliberately 'Faked Bad' in an effort to make monetary gain from Social Security." AR 351.

Plaintiff does not challenge this evidence, but instead counters that because the ALJ made no specific affirmative findings of malingering, then the ALJ must provide the requisite clear and convincing reasons to reject Plaintiff's symptomology evidence.  (Doc. 28 at 5.)  To support this contention, Plaintiff cites *Robbins v. Social Sec. Admin.*, 466 F.3d 880 (9th Cir. 2006), which holds that "unless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." *Id.* at 883.  Plaintiff's contention is not wholly persuasive.  The *Carmickle* court indicated that the statement in *Robbins* suggesting that an ALJ must make a specific finding of malingering "is an anomaly in [the] Circuit's caselaw." *Carmickle*, 533 F.3d at 1160 n. 1 (citing *Schow v. Astrue*, 272 Fed.App'x 647 (9th Cir. 2008) (acknowledging that weight of Ninth Circuit cases holds that the mere existence of "affirmative evidence suggesting" malingering vitiates the clear and convincing standard of review)). At least one court in this district also has recently pointed out that "the language in the primary caselaw from the Ninth Circuit establishing the clear and convincing standard did not enunciate a requirement for the ALJ to make a finding that there is

14

affirmative evidence of malingering in the record." *Sengsourignet v. Comm'r of Soc. Sec.*, No. 1:20-cv-01834-SAB, 2022 WL 2307190, at *16 (E.D. Cal. June 27, 2022) (collecting cases).

 Here, the ALJ did not make a specific finding of malingering. Although the record contains affirmative evidence of malingering, the Court nonetheless will err on the side of caution and consider whether the ALJ provided clear and convincing reasons to discount Plaintiff's subjective complaints.

In evaluating Plaintiff's subjective complaints, the ALJ first determined that Plaintiff's statements and allegations were not fully consistent with the medical record. Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). With regard to Plaintiff's allegations that her ability to stand and walk was "affected," the ALJ found these allegations unsupported by record evidence from Dr. Wagner that Plaintiff ambulated with a normal gait and was easily able to walk on her heels and toes. AR 37, 402. With regard to Plaintiff's allegations that her ability to concentrate was "affected" such that she could only pay attention for four-to-five minutes, the ALJ found these allegations inconsistent with a mental status examination showing adequate concentration, persistence, and pace with appropriate thought content. AR 37, 413-15. With regard to Plaintiff's allegations that she suffered from significant limitations that prohibited her from working, the ALJ found these allegations inconsistent with the unremarkable examination findings of Drs. Damania and Wagner. AR 37, 357-59, 401-04. The ALJ properly determined that Plaintiff's allegations were not fully consistent with the objective medical record.

Second, the ALJ discounted Plaintiff's allegations regarding her ability to pay attention for only four-to-five minutes based on her demonstrated ability at the hearing. AR 37. While the ALJ's observations of a claimant's functioning may not form the sole basis for discrediting the claimant's testimony, personal observations may be used in "the overall evaluation of the credibility of the individual's statements." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ's observations during the hearing are inconsistent with Plaintiff's claims regarding her ability to pay attention.

Third, the ALJ found Plaintiff's alleged inability to work inconsistent with her activities of daily living. AR 37. An ALJ may properly discount a claimant's subjective complaints when the daily activities demonstrate an inconsistency between what the claimant can do and the degree that

disability is alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012) (an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms"). The ALJ noted Plaintiff's admitted ability to cook, clean, independently perform daily activities, and to walk for exercise as reported to Dr. Wagner. AR 37, 401. Insofar as Plaintiff objects to the ALJ's reliance on Dr. Wagner's report of daily activities because the ALJ did not accept Dr. Wagner's opinion in its entirety, this objection lacks merit. Plaintiff cites no authority for this proposition, and the ALJ did not discount that portion of Dr. Wagner's report or suggest that Plaintiff did not adequately report her own activities.

Plaintiff also argues that the ALJ erred by mischaracterizing her activities of daily living, asserting that she only had a limited ability to perform those activities with the help of her children and for short periods of time. (Doc. 23 at 16.) However, Plaintiff herself testified that she does very light work, goes to the grocery store, walks 10 blocks with her children, and helps them with cooking. AR 69-71. Even where a Plaintiff's activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *Molina*, 674 F.3d at 1113.

The Court therefore concludes that the ALJ did not commit reversible error in evaluating Plaintiff's subjective complaints.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be denied; and
2. The Clerk of this Court be directed to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Mai Lee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the

1  Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
2  Recommendations."  The parties are advised that the failure to file objections within the specified time
3  may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.
4  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391,
5  1394 (9th Cir. 1991)).

7  IT IS SO ORDERED.

8  Dated:   **September 19, 2022**                /s/ *Barbara A. McAuliffe*
9                                        UNITED STATES MAGISTRATE JUDGE